IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**UNITED STATES OF AMERICA**

v.  **Criminal Case No. 3:20cr45-1**

**JAPORIUM STRAUGHTER**

**Defendant.**

## MEMORANDUM OPINION

This matter comes before the Court on Defendant Japorium Straughter's Motion for Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c) and U.S.S.G. Amendment 821 (the "Motion for Sentence Reduction"). (ECF No. 148.) The United States responded in opposition to the Motion, (ECF No. 149), and Mr. Straughter replied, (ECF No. 150).

The matter is ripe for disposition. The Court dispenses with oral argument because the materials before it adequately present the facts and legal contentions, and argument would not aid the decisional process. For the reasons articulated below, the Court hereby DENIES the Motion for Sentence Reduction.

### I. Background

On November 17, 2020, the United States charged Mr. Straughter by criminal information with one count of Distribution of Heroin and one count of Possession of a Firearm by Convicted Felon. (ECF No. 63, at 1–2.) On November 19, 2020, Mr. Straughter entered into a written plea agreement, pleading guilty to both counts. (ECF No. 65.)

The Plea Agreement, (ECF No. 65), and the Statement of Facts, (ECF No. 66), describe the conduct in Mr. Straughter's underlying offenses. On or about December 21, 2019, Richmond police officers executed a traffic stop on a vehicle for an inoperable break light, during which they observed Mr. Straughter sitting in the back seat on the passenger side. (ECF No. 66 ¶¶ 7–8.) Richmond police officers observed a jar of marijuana directly in front of Mr. Straughter in the passenger seat's back pocket. (ECF No. 66 ¶ 8.) After Mr. Straughter got out of the vehicle, officers "located a firearm in the floorboard where [Mr. Straughter's] feet had been." (ECF No. 66 ¶ 9.) The semi-automatic firearm "was loaded with seventeen rounds of ammunition and was . . . capable of accepting a large capacity magazine." (ECF No. 66 ¶ 9.) At the time of this incident Mr. Straughter knew he was a convicted felon and that his right to possess a firearm had not been restored. (ECF No. 66 ¶ 11.)

On January 10, 2020, a confidential informant ("CI") purchased 2.1 grams of heroin from Mr. Straughter for $90. (ECF No. 66 ¶ 2.) After the purchase, one of Mr. Straughter's co-conspirators contacted the CI to inform him or her that Mr. Straughter had given the CI "too much heroin." (ECF No. 66 ¶ 3.) On January 16, 2020, the CI conducted a controlled purchased with Mr. Straughter's co-conspirator to provide the "money the CI owed from the January 10, 2020 purchase of heroin" from Mr. Straughter. (ECF No. 66 ¶ 4.)

Prior to sentencing, the probation officer prepared the Presentence Report ("PSR") for Mr. Straughter. (ECF No. 93.) According to the law at the time, Mr. Straughter had a Total Offense Level of 23 and 8 criminal history points, which correlated to a Criminal History Category of IV. (ECF No. 93, at 15, 20.) This resulted in a Sentencing Guidelines range of 70–87 months' imprisonment. (ECF No. 93, at 20.)

On March 19, 2021 the Court sentenced Mr. Straughter to a term of "seventy-eight (78) months[' imprisonment] on count 1 and seventy-eight (78) months[' imprisonment] on count 2, to be served concurrently." (ECF No. 101, at 2.) The Court also sentenced Mr. Straughter to three years of supervised release on each count, to be served concurrently, and imposed a $200 special assessment. (ECF No. 101, at 3–6.)

Mr. Straughter is currently housed at USP Atwater in Atwater, California. *See Fed. Inmate Locator*, BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ (last visited July 3, 2024). The Bureau of Prisons ("BOP") identifies Mr. Straughter's release date as December 31, 2025. *See id.*

## II. Sentence Reduction Under Amendment 821

On November 1, 2023, amendments to the advisory Sentencing Guidelines took effect. In relevant part, Amendment 821, among other changes, (1) reduces "status points" for certain offenders with less serious criminal histories and (2) provides for a decrease of two offense levels for individuals with no criminal history points and whose offense did not involve specific aggravating factors. U.S. Sentencing Comm'n., *Amendment to the Sentencing Guidelines* (August 31, 2023).[1] On August 24, 2023, the Commission voted to give retroactive effect to these provisions of Amendment 821. *Id.*; *see also* U.S. Sentencing Comm'n, *U.S. Sentencing Commission Votes to Allow Retroactive Sentence Reductions and Announces its Next Set of Policy Priorities* (Aug. 24, 2023), available at https://www.ussc.gov/about/news/press-releases/august-24-2023 (last accessed July 3, 2024).

---

[1] This document is available at https://www.ussc.gov/sites/default/files/pdf/amendment-process/reader-friendly-amendments/202308_RF-retro.pdf [https://perma.cc/7J5V-YKNY].

3

"When the Commission makes a Guidelines amendment retroactive, 18 U.S.C. § 3582(c)(2) authorizes a district court to reduce an otherwise final sentence that is based on the amended provision." *Dillon v. United States*, 560 U.S. 817, 821 (2010). When deciding if a sentence reduction is appropriate, "[a] court must first determine that a reduction is consistent with [U.S.S.G.] § 1B1.10 before it may consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in [18 U.S.C.] § 3553(a)." *Dillon*, 560 U.S. at 826. U.S.S.G. § 1B1.10(b)(1) "requires the court to begin by 'determin[ing] the amended guideline range that would have been applicable to the defendant' had the relevant amendment been in effect at the time of the initial sentencing." *Dillon*, 560 U.S. at 827 (quoting U.S.S.G. § 1B1.10(b)(1)).

After determining that a sentence reduction is available, a court must consider the Section 3553(a) factors and any relevant post-conviction conduct before modifying a defendant's sentence. 18 U.S.C. § 3582(c)(1)(A); *Dillon*, 560 U.S. at 827. A court must weigh factors including "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). Under that statute, a court must also consider "the need for the sentence imposed . . . to promote respect for the law . . . ; to afford adequate deterrence to criminal conduct; . . . [and] to protect from the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(2). The statutory sentencing factors direct a court to consider the kinds of sentences available and the sentencing range established for the offense. 18 U.S.C. § 3553(a)(4).

### III. Analysis

After due consideration, the Court will deny the Motion for Sentence Reduction. (ECF No. 148.) Mr. Straughter contends, and the United States does not dispute, that Amendment 821 reduces Mr. Straughter's criminal-history points to 6, which in turn lowers his

criminal history category from IV to III. (ECF No. 144; ECF No. 148, at 1–2; ECF No. 149, at 1–3.) Based on this change, given a total offense level of 23, Mr. Straughter's recommended guideline range is reduced to 57–71 months' imprisonment. (ECF No. 144.) Despite Mr. Straughter's eligibility under Amendment 821, the applicable § 3553(a) factors do not support a sentence reduction below the 78 months' imprisonment earlier imposed.

### A. The § 3553(a) Factors Do Not Support a Reduction in Mr. Straughter's Sentence

Although the parties agree that Amendment 821 applies, they dispute whether the Court should reduce Mr. Straughter's sentence. Mr. Straughter asks for a "proportional reduction to 64 months," which, like the original sentence, would fall in the middle of the guidelines range. (ECF No. 148, at 4.) Mr. Straughter avers that his disciplinary violations while incarcerated have already resulted in sufficient punishment in the form of a temporary period of isolation, the loss of good time conduct, and the loss of other privileges. (ECF No. 148, at 5.) Mr. Straughter further stresses that he has a stable and verifiable release plan, and that the majority of his criminal history results from a conviction that took place over 13 years ago. (ECF No. 148, at 6.)

The United States opposes the Motion for Sentence Reduction. (ECF No. 149.) The United States argues that Mr. Straughter's five disciplinary infractions while incarcerated[2] indicate that "his potential for recidivism is likely." (ECF No. 149, at 3–4.) The United States reasons that these disciplinary violations indicate that Mr. Straughter has not been deterred either through his sentence or through punishment for disciplinary infractions he incurred while

---

[2] Mr. Straughter has incurred the following disciplinary infractions: (1) Fighting with Another Person, March 13, 2022; (2) Being in Unauthorized Area, October 13, 2022; (3) Possessing a Dangerous Weapon (metal sharpened to a point and cloth wrapped around 6" handle), January 13, 2023; (4) Assault, November 30, 2023; and (5) Possession of Drugs/Alcohol, December 2023. (*See* ECF No. 144; ECF No. 149, at 4.)

5

incarcerated. (ECF No. 149, at 3–4.) The United States notes that Mr. Straughter's possession of a dangerous weapon while incarcerated is akin to Mr. Straughter's offense of unlawful possession of a firearm, which contributed to his current incarceration. (ECF No. 149, at 3–4.) The United States also points to an incident from November 30, 2023, where Mr. Straughter and others reportedly assaulted a fellow inmate with "clinched fist[s] to the face and upper torso." (ECF No. 149, at 4.) In this incident Mr. Straughter was reportedly pepper sprayed and forcibly restrained by a group of security staff after failing to comply with a direction to cease the assault and submit to hand restraints. (ECF No. 149, at 4.)

In his reply, Mr. Straughter argues that he has not had a disciplinary violation for over six months and that denying his Motion for Reduced Sentence on the basis of disciplinary violations is too severe of a sanction.[3] (ECF No. 150, at 1.) Mr. Straughter asserts that the United States' focus on his disciplinary violations obfuscates his achievements while incarcerated, including mental health treatment, taking GED classes, and maintaining a job while incarcerated. (ECF No. 150, at 1–2.)

After considering the applicable § 3553(a) factors, the Court will deny Mr. Straughter's Motion to Reduce Sentence.[4] Mr. Straughter's violations during his incarceration during less

---

[3] In his Motion for Sentence Reduction, Mr. Straughter claims he "has not received any [disciplinary] violations in over a year." (ECF No. 148, at 5.) In his reply to the United States' opposition however, Mr. Straughter does not refute the government's evidence of additional disciplinary violations, including the November 30, 2023 assault of another inmate. (ECF No. 149, at 4; ECF No. 150, at 1–2.) Mr. Straugther in his reply more accurately he "has not had a disciplinary violation for *almost six months*." (emphasis added). (ECF No. 150, at 1.)

[4] Based on the § 3553(a) factors, the Court has considered the record pertaining to (1) the defendant's sentence relative to the nature and circumstances of his offense; (2) the history and characteristics he brings to the court; (3) the need to afford adequate deterrence; (4) the need to protect the public from further crimes of the defendant; (5) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment; (6) the

than a two-year period are serious. The possession of drugs and a dangerous weapon in prison cannot be condoned. Just as concerning is Mr. Straughter's history of violence and attempted violence while incarcerated, with the most recent incident, an assault, occurring just last year. (ECF No. 149, at 4; ECF No. 150, at 1.) The need to afford adequate deterrence and the need to protect the public from future crimes weigh against granting Mr. Straughter's requested relief, as Mr. Straughter has not demonstrated that incarceration has deterred his unlawful behavior. While Mr. Straughter's drug violations are not inconsistent with the serous drug addiction he has had throughout his life, his weapon possession and assaults on other inmates cannot be excused.

Mr. Straughter asks for a "proportionate reduction" to 64 months' imprisonment, which would leave his sentence in the middle of the updated guidelines range. (ECF No. 148, at 1.) At the time of his original sentencing, the Court considered Mr. Straughter's criminal history when sentencing him to the middle end of the original guidelines range. The difference now is his repeated, and often violent, disciplinary violations while in prison. Given these considerations, a reduction in Mr. Straughter's sentence is inappropriate based on the history and characteristics he brings to the court, the need to avoid unwarranted sentencing disparities, and the requirement for adequate deterrence. *See* 18 U.S.C. § 3553(a). Mr. Straughter's still has approximately eighteen months to serve, which will provide him the opportunity to receive appropriate rehabilitative services, including cognitive behavior and anger management programs, prior to his release. (ECF No. 101, at 1; ECF No. 148, at 5–6.) Mr. Straughter should take advantage of this programming to ensure the circumstances motivating his current imprisonment and repeated

---

applicable guideline sentence; (7) the need to avoid unwarranted sentencing disparities among defendants with similar records found guilty of similar conduct; (8) and the need to provide restitution to victims. *See* 18 U.S.C. § 3553(a)(1), (2)(B)–(D), (4)–(7).

7

disciplinary violations are addressed. The applicable § 3553(a) factors, therefore, do not support a reduced sentence of imprisonment.

## IV. Conclusion

For the reasons explained above, the Court DENIES Mr. Straughter's Motion for Sentence Reduction. (ECF No. 148). All provisions of the Judgment shall remain in effect. (*See* ECF No. 101.)

An appropriate Order shall issue.

Date: 7/3/2024
Richmond, Virginia

/s/
M. Hannah Lauck
United States District Judge